# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE, et al.** | : | |
| **Plaintiffs,** | : | |
| | | Case No. 2:23-cv-02704 |
| v. | : | |
| | | Judge:_____ |
| **TEAYS VALLEY LOCAL SCHOOL** | : | |
| **BOARD OF EDUCATION, et al.** | | |
| | : | |
| Defendants. | | |

## PLAINTIFF'S MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM

Now come Plaintiffs, Jane Doe and John Doe, by and through undersigned counsel, and hereby move this Honorable Court for an Order permitting Plaintiffs to proceed using the pseudonyms referenced above. A proposed order is attached hereto for the Court's consideration. The legal and factual basis for the instant request is fully explained in the accompanying Memorandum in Support, which is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ Morgan M. Masters*
Morgan M. Masters (0080858)
Leslie A. Albeit (0086377)
Albeit Masters, LLC
4200 Regent Street, Suite 210
Columbus, OH 43219
O: (614) 454-1200
E: mm@albeitmasters.com
E: la@albeitmasters.com
*Counsel for Plaintiffs*

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

Plaintiffs, Jane Doe and John Doe, file this Motion for Permission to Proceed Under Pseudonym in their Complaint and all other filings in this case to maintain their privacy and reputational interest as they seek redress against Teays Valley Local Schools Board of Education (hereinafter the "BOE") and others for their violations of Plaintiffs' civil rights, their deliberate indifference to sexual harassment in violation of Title IX, and other claims including the rape of John Doe.

All of Plaintiffs' causes of actions arise from the unlawful sexual conduct, harassment, and grooming behavior of Defendant Mandy Davis (hereinafter "Davis") engaged in with John Doe, as well as the remaining Defendants' failure to take action and investigate and report Davis' harassment and abuse. This matter and the forthcoming proceedings involve sensitive personal matters, including the rape of a minor. If John Doe is a minor, and if he is forced to reveal his identity in the Complaint, he will most likely suffer further humiliation, ridicule, and trauma. Naturally, as the mother of John Doe, the disclosure of Jane Doe's identity will compromise the privacy of John Doe. Defendants are fully aware of the actual identity of Plaintiffs, as elaborated below, and will not be prejudiced in any way by the use of pseudonyms for filings in this case.

II.  **FACTUAL BACKGROUND**

The facts underlying the lawsuit are set forth in detail in Plaintiffs' Complaint, filed contemporaneously with this Motion. In sum, Defendant Davis openly and brazenly groomed a then 12 year-old John Doe on BOE property for nearly four months, and ultimately raped him on May 10, 2021. The remaining defendants had actual and constructive knowledge of Davis' harassing and grooming behavior, but failed to investigate it and failed to protect John Doe.

**III. LAW AND ARGUMENT**

Although, generally a complaint must state the names of all parties, *see* Fed. R. Civ. P. 10(a), the United States Court of Appeals for the Sixth Circuit has held that a plaintiff may be excused from this requirement when his or her "privacy interests substantially outweigh the presumption of open judicial proceedings." *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (affirming district court's protective order allowing plaintiffs to proceed pseudonymously). The Sixth Circuit has identified the following factors which courts should consider in making this determination:

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

(2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";

(3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). A court may also consider whether permitting the anonymity will force a defendant to proceed with insufficient information to defend against the plaintiff's claims. *See Id.* at 561 (holding that the district court did not abuse its discretion in allowing the plaintiff to proceed pseudonymously because defendants were not hindered in preparation of trial).

Courts have not implemented a bright line test to determine the appropriateness of pseudonyms. Some courts have considered whether the plaintiff would risk injury if identified. *Doe v. City of Indianapolis*, No. l:12-cv-0062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind.). In *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185 (2d Cir. 2008), the Second Circuit set forth another non-exhaustive list of factors to conduct this analysis:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal citations and quotations omitted.)

Courts around the nation have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests, like the ones in this matter. *See, e.g., Doe v. Von Eschenbach*, No. 06-2131, 2007 U.S. Dist. LEXIS 46310, at *4-5 (D.D.C. June 27, 2007) (noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with the "plaintiff's privacy rights") (citation omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'") (citation

omitted); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").

Further, courts lying within the Sixth Circuit have held that plaintiffs who are victims of sexual misconduct, and those seeking redress against schools for inappropriately responding to allegations of sexual misconduct, should be permitted to proceed under pseudonym. *See, e.g., Doe v. Mitchell*, No. 2:20-cv-00459, 2020 U.S. Dist. LEXIS 220750 (S.D. Ohio Nov. 24, 2020) (holding that there was a compelling reason to protect plaintiff Jane Doe's privacy because she will be forced to disclose extremely private information as the victim of a sexual assault); *NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims. . . ."); *S.C. v. Metropolitan Govt. of Nashville & Davidson Cnty.*, 579 F.Supp.3d 999 (M.D. Tenn. 2022) (Plaintiff proceeded under pseudonym in suit against former school district for response to sexual misconduct); *Doe v. Rutherford Cnty., Tenn., Bd. of Educ.*, 86 F.Supp.3d 831 (M.D. Tenn. 2015).

> ### A. *The factors used to determine whether to permit filing under a fictitious name weigh heavily in Plaintiffs' favor, because the litigation will compel Plaintiffs to disclose information of the utmost intimacy, John Doe was a minor child at all times relevant to the facts of the litigation, and because John and Jane Doe will only be further traumatized and humiliated by public disclosure of their identities.*

Plaintiffs have a substantial privacy right that outweighs the public's interest in access to the identities of litigants and the customary presumption of openness in judicial proceedings. This case seeks redress not only for the rape of John Doe, but also for the complete and utter failure of the remaining Defendants to protect John Doe from Davis. Even a cursory review of the claims brought by Plaintiffs indicate that they will be subject to revealing information "of the

utmost intimacy." Throughout this litigation, John Doe will be forced to discuss details involving multiple instances of Davis grooming him, engaging in sexually charged conduct towards him, and raping him. Moreover, Plaintiffs will have to discuss the reasons the remaining Defendants knew or had reason to know that Davis was engaging in this grooming and harassing behavior. Defendants' acts and omissions have had dire consequences to John Doe's mental health as well as her personal and family life. As such, not only will he be required to divulge details regarding his interactions with Davis but he and Jane Doe will also be forced to divulge information about his mental health treatment and his personal and family life. These topics are unquestionably "of the utmost intimacy."

When analyzing whether a lawsuit will compel plaintiffs to disclose information of the utmost intimacy, "federal courts have recognized the privacy interests of alleged sexual assault victims and have held that those privacy interests "outweigh the presumption in favor of openness." See *NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) (addressing only the second factor - whether disclosure of the Jane Doe defendant's identity would equate to a disclosure of information of the "utmost intimacy" - and finding that defendant Jane Doe was entitled to proceed anonymously). As the victim of rape, John Doe is entitled to have his identity protected. Accordingly, this factor weighs strongly in favor of Plaintiffs.

Courts should also consider whether Plaintiffs are children when determining whether the use of pseudonyms is warranted. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). At all relevant times to the instant lawsuit, John Doe was a minor. The rape of John Doe and Defendants' mishandling of Davis' actions all occurred when John Doe was a minor student. As such, this factor weighs in favor of the use of pseudonyms. See *S.C. v. Metropolitan Govt. of Nashville &*

*Davidson Cnty.*, 579 F.Supp.3d 999 (M.D. Tenn. 2022) (Despite reaching age of majority, plaintiff proceeded under pseudonym in suit against former school district for response to sexual misconduct that occurred when she was a minor). Moreover, disallowing Jane Doe to proceed under pseudonym as well will render any anonymity granted to John Doe futile, as he will be easily identified by the name of his mother.

Regarding the additional factors discussed in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008), although, John Doe, as a mere minor at the time, was a victim and nothing to cause or deserve the harassment and victimization he suffered, there is still reasonable fear that, should he and/or his mother have to reveal their identities, they will face the risk of re-traumatization, embarrassment, ridicule, and social stigmatization.

Additionally, there is no risk of prejudice to Defendants, as they know the true identity of Plaintiffs. Moreover, all of the parties' filings in this case will be publicly available. Only Plaintiffs' names will be shielded from public disclosure. Although the public has a legitimate interest in the legal issues arising out of the Complaint, the actual identities of the individuals is of minimal importance to the public.

In the age of the Internet, Plaintiffs' names would forever be associated with Defendants and the rape of which John Doe was a victim, regardless of the ultimate outcome of this lawsuit. As a victim, John and Jane Doe's identities deserve to be protected, especially considering the nature of the allegations and the ease in which information may be spread across the Internet.

Finally, Plaintiffs may be deterred from pursuing their case in court if the price they must pay is being publicly identified, and it is the antithesis of justice to deter minor victims of heinous acts and omissions like those described in the accompanying Complaint from taking action by forcing them to be publicly exposed. There is no alternative mechanism outside of the

Court's permission to proceed anonymously to protect Plaintiffs. Maintaining the anonymity of Plaintiffs is imperative to maintaining the anonymity of similarly situated plaintiffs in the future, because the impact of Plaintiffs being denied the opportunity to proceed under pseudonym may deter other victims from seeking justice. Courts have determined that there is a substantial public interest in ensuring that cases involving important issues like those in Plaintiffs' case are adjudicated without the risk of stigmatization.

### IV.     CONCLUSION

In order to pursue their claims, it is imperative that Plaintiffs are able to maintain their anonymity. One of the primary factors in filing this lawsuit is to ensure that Plaintiffs are afforded the opportunity to receive justice, while not subjecting themselves to ridicule and reputational harm for Defendants' conduct underlying the claims. Consistent with Plaintiffs' ability to maintain their privacy in the resolved criminal proceedings against Davis, Plaintiffs respectfully request that this Honorable Court Grant Plaintiffs' Motion for Permission to Proceed Under Pseudonym during the duration of the instant litigation.

Respectfully submitted,

*/s/ Morgan M. Masters*
Morgan M. Masters (0080858)
Leslie A. Albeit (0086377)
Albeit Masters, LLC
4200 Regent Street, Suite 210
Columbus, OH 43219
O: (614) 454-1200
E: mm@albeitmasters.com
E: la@albeitmasters.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE, et al.** | : | |
| | | **Case No. 2:23-CV-02704** |
| **Plaintiffs,** | : | |
| | | **Judge:**_____ |
| **v.** | : | |
| | | **PROPOSED ORDER GRANTING** |
| **TEAYS VALLEY LOCAL SCHOOL** | : | **PLAINTIFFS' MOTION TO** |
| **BOARD OF EDUCATION, et al.** | | **PROCEED UNDER PSEUDONYM** |
| | : | |
| **Defendants.** | | |

## PROTECTIVE ORDER

To protect the interests of Plaintiffs and others in this action, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs shall proceed in this action under the pseudonyms "John Doe" and "Jane Doe."

2. The parties shall refer to any student-witnesses who were involved by using "Students 1-etc."

3. All documents filed with the Court that contain the names of any Plaintiff or other student-witnesses, either directly or indirectly, shall be filed under seal. In all publicly filed documents, Plaintiffs and other student-witnesses shall be identified only by pseudonym.

4. The identities of Plaintiffs and other student-witnesses may be disclosed only to the extent reasonably necessary to conduct of this action and only to the following persons:

    a. The Court (including any appellate court) and Court personnel;

    b. Court reporters and videographers in connection with the taking of a deposition or the transcription of court proceedings;

    c. Attorneys for the parties to this action and employees of the attorneys' firms;

      d.      Plaintiffs' immediate family members and Defendants' officers, directors, representatives, and trustees;

      e.      Experts, advisors, consultants, and other persons engaged to assist directly in this action; and

      f.      Mediators, facilitators, arbitrators, or other third-party neutrals that are engaged by the parties to participate in a resolution of this action.

5. Individuals to whom disclosure of Plaintiffs' identity is made shall not further disclose that information to any other person.

6. Any person to whom disclosure of Plaintiffs' identity is made shall first read this Protective Order prior to having access to Plaintiffs' identity.

7. Under no circumstances shall any person disclose Plaintiffs' name to the media without the consent of Plaintiffs' counsel.

8. If any specific issues related to the non-disclosure of Plaintiffs' identity arise during the course of this action, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

**SO ORDERED**.

_____         _____
Date                                                              United States District Court Judge