IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANE DOE, et al.,**

       **Plaintiffs,**

v.                                        **Civil Action 2:23-cv-02704**
                                            **Judge Edmund A. Sargus**
                                            **Magistrate Judge Kimberly A. Jolson**

**TEAYS VALLEY LOCAL SCHOOL**
**BOARD OF EDUCATION, et al.,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Permission to Proceed Under Pseudonym. (Doc. 2). For the following reasons, the Motion is **GRANTED**.

### I.    BACKGROUND

Plaintiffs, Jane Doe, individually and on behalf of her son, John Doe, initiated the present action by filing a Complaint on August 23, 2023. (Doc. 1). In short, Plaintiffs allege that Teays Valley school officials disregarded the grooming, sexual harassment, and rape of minor Plaintiff, John Doe. (*Id.*, ¶ 1). Plaintiffs bring the present Motion to proceed anonymously throughout this litigation. (Doc. 2). Defendants do not oppose Plaintiffs' Motion, and it is therefore ripe for consideration.

### II.    STANDARD

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). Yet, the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v.*

*Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

### III. DISCUSSION

According to Plaintiffs, John Doe has a substantial privacy right which outweighs the presumption of disclosure. (Doc. 2). And, by extension, "as the mother of John Doe, the disclosure of Jane Doe's identity will compromise the privacy of John Doe." (*Id.* at 2). The Court agrees. Under the first *Porter* factor, this suit challenges governmental activity. In the Complaint, Plaintiffs name the Teays Valley Board of Education as the principal Defendant. (*See* Doc. 1).

The application of the second factor—whether this litigation will disclose information of the utmost intimacy—also favors Plaintiffs' request. This factor is typically invoked in cases involving sexual assault. Nationally, courts have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly

vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously).

According to Plaintiffs, given the nature of their claims, John Doe "will be forced to discuss details involving multiple instances of [one of the Defendants] grooming him, engaging in sexually charged conduct towards him, and raping him." (Doc. 2 at 6). The Court agrees that the litigation implicates information of the utmost intimacy.

Finally, John Doe is a minor. (*Id.* at 2). This is another compelling reason to allow Plaintiffs to proceed anonymously. *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct."). Given the weight of the factors, the balance of the litigants' interests in nondisclosure outweighs the public's right to access court proceedings.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Permission to Proceed Under Pseudonym (Doc. 2) is **GRANTED**.

Date: October 3, 2023               /s/ Kimberly A. Jolson
                                    KIMBERLY A. JOLSON
                                    UNITED STATES MAGISTRATE JUDGE