IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE, et al.,

        Plaintiffs,

  v.                                     Civil Action 2:23-cv-02704
                                          Judge Edmund A. Sargus
                                          Magistrate Judge Kimberly A. Jolson

TEAYS VALLEY LOCAL SCHOOL
BOARD OF EDUCATION, et al.,

        Defendants.

## ORDER

On August 6, 2024, Defendants requested an amendment to the case schedule. (Doc. 28). In particular, Defendants had concerns about meeting the August 16, 2024, deadline to submit expert reports. They cited scheduled expert depositions after that date. (Doc. 29). They also notified the Court of an upcoming motion for a Rule 35 mental examination of Plaintiff John Doe. (*Id.*). The Court granted the Motion. (Doc. 29). Subsequently, Plaintiffs filed a response in opposition to the Motion. (Doc. 30). Plaintiffs alleged that nefarious strategy underlies Defendants' Motion and argue the case schedule should not be extended because: (1) Defendants previously agreed to a revised case schedule that included the August 16 date; (2) Defendants should have considered their wish to depose Plaintiffs' experts before producing their own reports earlier; (3) Defendants should have scheduled depositions with Plaintiffs' experts sooner; and (4) Defendants' desire to complete a medical examination of Plaintiff John Doe is unreasonable both in time and in form. (*See generally id.*).

Because Plaintiffs' opposition was filed after the Court granted Defendants' motion, the Court construes it as a request for reconsideration. The Federal Rules of Civil Procedure do not explicitly address requests or motions for reconsideration, but the authority for a district court to hear such issues is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004). As to the Motion for Extension of time, Federal Rule of Civil Procedure 16(b)(4) provides that a court may modify a scheduling order for good cause. "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). Importantly, the decision to modify a scheduling order is within the Court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Simply put, the circumstances presented here warrant a short extension. The Court does not view Defendants' request as motivated by a desire to delay these proceedings or as completely due to dilatory efforts on their part. Plaintiffs argue that Defendants should have planned discovery as to meet the agreed-upon deadlines. And they should have communicated their desire to depose Plaintiffs' experts prior to producing their own expert reports to ensure this happened. (Doc. 30 at 4–5). But Defendants say they only recently received the deposition transcripts of Plaintiffs John and Jane Doe, and the depositions of Plaintiffs' experts were only recently confirmed to take place in the two weeks following the August 16 deadline. (Doc. 28 at 2). So, it appears, as Defendants contend, "issues of timing and scheduling of the discovery to date" have played a hand in their request for an extension. (Dox. 28 at 3). At base, while Defendants may not have been as diligent in organizing discovery or communicating with Plaintiffs as Plaintiffs wish, they have

been diligent enough for the purpose of their modest request. More still, no trial date has been set in this case—only Defendants' expert report deadline, the discovery deadline, and the dispositive motions deadlines are impacted. So, any delay is relatively minor.

Additionally, Defendants intend to file a Rule 35 motion for a mental examination imminently. Plaintiffs argue the Court should not grant an extension on this ground because Defendants purposefully delayed asking for this mental examination and an examination at this juncture will prejudice them. Specifically, they allege "the further out Defendants can push this matter, the older Plaintiff John Doe will look in front of a jury." (Doc. 30 at 6). While the Court acknowledges Plaintiffs concerns of prejudice, a short delay is not unreasonable on balance. Notably, the parties' briefing and the Court's consideration of the Rule 35 motion will take time and likely push past the current case schedule deadlines. And while Plaintiffs also seemingly oppose the timing and the form of the examination itself, those issues are better dealt with on the Rule 35 motion than here. (Doc. 30 at 5–8).

On balance, good cause exists for a short extension to the case schedule. Accordingly, the Court declines to reconsider its grant of Defendants' Motion. The case schedule is amended as follows:

- Defendants' expert reports            September 16, 2024
- All discovery                         November 14, 2024
- Dispositive motions                   December 16, 2024

Additionally, Defendants are **ORDERED** to file their anticipated FRCP Rule 35 Motion **on or before August 12, 2024**. The Court intends to expedite briefing on that matter.

3

IT IS SO ORDERED.

Date: August 8, 2024                                   /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE