IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANE DOE, et al.,**

      **Plaintiffs,**

v.                                           **Civil Action 2:23-cv-02704**
                                                      **Judge Edmund A. Sargus**
                                                      **Magistrate Judge Kimberly A. Jolson**

**TEAYS VALLEY LOCAL SCHOOL
BOARD OF EDUCATION, et al.,**

      **Defendants.**

## OPINION AND ORDER

On August 12, 2024, Defendants filed a Motion for a Rule 35 Mental Examination of Plaintiff John Doe. (Doc. 32). Here, Plaintiffs request Leave to File Under Seal depositions and accompanying exhibits they intend to attach to the response to Defendants' motion. For the following reasons, the Motion (Doc. 34) is **GRANTED in part and DENIED in part without prejudice**.

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th

Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury ... And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling

2

interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## II. DISCUSSION

Given the nature of the claims in this matter (*see generally* Doc. 9 (amended complaint)), and because Plaintiff John Doe is a minor, the Court previously allowed him, and his mother, to proceed anonymously. (Doc. 4). Here, Plaintiffs seek to seal depositions and accompanying exhibits that they intend to file in support of their response to Defendants' Rule 35 motion. (Doc. 34). Plaintiffs contend that the response to the motion itself uses a pseudonym for John Doe. (*Id.* at 3). But the depositions and exhibits supporting the response use John Doe's initials rather than a pseudonym. (*Id.*). They fear his initials would allow the public to easily ascertain his identity. (*Id.* at 3–4). And in some of the accompanying exhibits, John Doe's full name is "clearly visible." (*Id.* at 4). Plaintiffs also say there is a wealth of other information contained in the documents that could be used to identify John Doe or his parents, or that details the sexual assault of John Doe. (*Id.* (noting that the deposition and exhibits contain addresses, phone numbers, employment information, text messages and photographs between John Doe and Defendant Davis, and investigation notes)). The Court agrees that sealing some of the content at issue is justified.

### A. Personally Identifiable Information

To begin, Plaintiffs seek to seal information that either identifies or could be used to identify Plaintiff John Doe or his parents. There is a compelling interest in protecting Plaintiff's privacy in this respect. Federal Rule of Civil Procure 5.2(a) recognizes a compelling interest in protecting the name of a minor individual from disclosure in Court filings. And the Court agrees that there is also a compelling interest in sealing portions of documents that refer to John Doe by

3

his initials when those initials may be used to ascertain his identity, and in sealing portions of documents that contain his or his parents' personally identifying information.  *Edelstein v. Stephens*, No. 1:17-cv-00305, 2018 WL 4854593, at *4 (S.D. Ohio Oct. 5, 2018) (discussing that courts in the Sixth Circuit order records to be sealed when they contain "personal identifying information that must be protected from disclosure" and information that involves minors); *In re Flint Water Cases*, No. 517CV10164JELMKM, 2021 WL 2254064, at *2 (E.D. Mich. May 20, 2021) (holding that identifying information of minors and addresses of minors are appropriate to seal); *In re Flint Water Cases*, No. 516CV10444JELMKM, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021) (allowing the reaction of personally sensitive information including addresses, phone numbers, account numbers, and the name of a minor child).  Simply put, Plaintiffs' privacy interests weigh strongly in favor of sealing John Doe's name and initials, John Doe's parents' names, addresses, phone numbers, and John Doe's parents' employment information.

Next, the public's interest is two-fold.  First, the public has an interest in this action generally, due to the nature of Plaintiffs' allegations that administrators at a public school failed to respond to the sexual harassment of John Doe.  (*See* Doc. 9).  But the public also has an interest in protecting the identifying information of a minor plaintiff.  *Doe v. Plymouth-Canton Cmty. Sch.*, No. 19-10166, 2021 WL 5541939, at *2 (E.D. Mich. Jan. 12, 2021) ("The public interest here is in the protection of the identifying and medical information of a minor child.").  It is not necessary to know John Doe's identity, or information like his addresses or initials that may lead to the discovery of his identity, to understand this action or to understand Plaintiffs' response to the Rule 35 motion.

But the request is broader than what is required to protect the interests at stake.  Plaintiffs want to seal the depositions and the exhibits in their entirety.  (Doc. 34).  Plaintiff John Doe's

4

name and initials, his parents' names, addresses, phone numbers, and his parent's employment information can be easily redacted from the public docket without wholesale sealing. Redacting only this information strikes the proper balance between Plaintiff's privacy and the public's interest in disclosure.

### B.  Sexual Assault Details

The Court now turns to Plaintiffs' request to seal "private" details of John Doe's sexual assault contained in the depositions and exhibits. As support for this request, Plaintiffs say putting these details in the public record would "compromise [John Doe's] privacy"; "violate the very privacy the pseudonyms were designed to protect"; and "unfairly [subject] him to embarrassment and ridicule." (Doc. 34 at 4). Of course, the Court recognizes that details of sexual assault are highly personal, and both John Doe's status as a minor and the nature of this case led the Court to allow Plaintiffs to proceed anonymously. (*See* Doc. 4).

However, Plaintiffs do not detail how redacting this information furthers Plaintiff's privacy interests under the *Shane Group* standard, especially if all the information that could be used to identify him or his parents is already redacted. Nor do they cite case law shedding light on the issue. Additionally, they have not argued why such privacy interests outweigh the public interest in disclosure, particularly when the claims in this case concern the sexual harassment, grooming, and abuse of Plaintiff. (*See generally* Doc. 9). Neither have they provided the Court with an *in camera* copy of the documents at issue or a line-by-line analysis as required under *Shane Group*. 825 F.3d at 305–06. The Court, then, has very little information on which it can make the findings and conclusions required under *Shane Group* to seal. In other words, Plaintiffs have not met their burden to show that sealing or redacting these details balances the relevant interests and is narrowly

5

tailored. Accordingly, Plaintiffs may not, on this motion, redact these portions of the depositions or accompanying exhibits.

***

Therefore, for purpose of Plaintiffs' response to the Rule 35 motion, the Court grants permission to file the depositions and accompanying exhibits under seal. But Plaintiffs must file a redacted version to the public docket as well. In the public filing, Plaintiffs may redact the information that identifies John Doe or his parents, or the information discussed in this Order that could lead to the identification of John Doe or his parents. Additionally, Plaintiffs may redact exhibits, and portions of the depositions quoting those exhibits, to the extent they identify the same.

Plaintiffs may not, at this juncture, redact any other information from the public docket. Should Plaintiffs wish to renew the latter part of their request under the standard set forth in *Shane Group*, they must do so on or before **August 21, 2024**. *See Shane Grp.*, 825 F.3d at 305–06 ("The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"). If they choose this route, Plaintiffs must also send the deposition transcripts and exhibits in question for *in camera* review to jolson_chambers@ohsd.uscourts.gov. If Plaintiffs seek to further redact only portions of the deposition transcripts or exhibits, they should send both an unredacted version and a redacted version. Finally, the Court may adjust the briefing schedule of the Rule 35 motion and/or the case schedule if Plaintiffs renew their request.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Under Seal (Doc. 34) is **GRANTED in part and DENIED in part without prejudice**. Plaintiffs are **GRANTED** permission to file the depositions and exhibits under seal and are **ORDERED** to file a redacted

6

copy of the depositions and exhibits, as described in this Order, to the public docket with their response on or before **August 22, 2024**.  Should Plaintiffs choose to renew this motion under the proper standard, that renewed motion is due on or before **August 21, 2024**.

    IT IS SO ORDERED.

Date:  August 15, 2024                              /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE